996 So.2d 242 (2008)
STATE of Florida, Appellant,
v.
Leroy Anthony PETERSON, Appellee.
No. 2D07-3743.
District Court of Appeal of Florida, Second District.
December 10, 2008.
*243 Bill McCollum, Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellee.
WHATLEY, Judge.
The State appeals the order granting Leroy Anthony Peterson's motion to suppress all evidence found during a search of Peterson's person. The trial court found that Peterson had been seized by law enforcement without a reasonable suspicion of criminal activity. The State argues that the encounter with Peterson was consensual. We reverse.
Officers McCoy and Cruz testified at the hearing on Peterson's motion to suppress that they were on patrol in an unmarked car during night hours in the Robles Park public housing complex in Tampa. They were in plain clothes with raid vests. They stopped their cruiser several feet away from Peterson, who was walking along a street. Cruz approached Peterson and advised him that they were with the Tampa Police Department. Cruz smelled marijuana and saw flecks of marijuana on Peterson's shirt. He asked Peterson if he had been smoking marijuana, and Peterson responded affirmatively. Cruz directed Peterson to turn around to be searched, and the search produced a small baggie of rock cocaine, a razor with a white substance on it, and a crack pipe. Cruz arrested Peterson, and the State charged him with possession of cocaine with intent to sell, purchase, manufacture, or deliver within 1000 feet of a public housing facility.
"When determining whether a particular encounter is consensual, the court must look to the `totality of the circumstances' surrounding the encounter to decide `if the police conduct would have communicated to a reasonable person that the person was free to leave or terminate the encounter.'" Taylor v. State, 855 So.2d 1, 15 (Fla.2003) (quoting Voorhees v. State, 699 So.2d 602, 608 (Fla.1997)). "[A] seizure does not occur simply because a police officer approaches an individual and asks a few questions." Florida v. Bostick, 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a `seizure' has occurred." Id.
There is nothing in the testimony of the two officers who spoke with Peterson to indicate that they used a show of authority that would have communicated to a reasonable person that he was not free to leave or terminate the encounter. Rather, Officer Cruz merely approached Peterson and asked him a couple of questions. Accordingly, we reverse the order granting Peterson's motion to suppress and remand for further proceedings consistent with this opinion.
Reversed and remanded with directions.
FULMER and KHOUZAM, JJ., Concur.